### 12217. AMMONS *v.* THE STATE.

BROYLES, C. J. 1. There being some evidence that would have authorized the jury to find that a conspiracy existed between the defendant and his half-brother to take the life of the deceased, and that both of them shot

at the deceased about the same time, and that one of them killed him, it was not error for the court to refuse to charge: " In order to convict the defendant of the offense of murder or voluntary manslaughter, it is necessary that you believe beyond all reasonable doubt that the defendant now on trial fired the shot that took away the life of the deceased; and unless the evidence so convinces you, you would not be authorized to convict the defendant either of murder or voluntary manslaughter. In other words, unless you believe beyond a reasonable doubt that it was the bullet from the defendant's pistol that killed the deceased, you would not be authorized to find the defendant guilty of either murder or manslaughter, and in this view you would not be required to grade this homicide."

2. Under repeated rulings of the Supreme Court and of this court, an erroneous charge upon the subject of murder does not require a new trial in a case where the verdict was for manslaughter. Under this ruling, ground 5 of the motion for a new trial is without merit.

3. Under the evidence it was not error for the court to submit to the jury the question whether or not a conspiracy had been shown and to accompany the submission of this question with appropriate instructions thereon.

4. The verdict was amply authorized by the evidence, and it was not error to overrule the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1921.

Indictment for murder — conviction of manslaughter; from Rockdale superior court — Judge Hutcheson. January 24, 1921.

*J. H. McCalla, C. R. Vaughan, King & Johnson,* for plaintiff in error. *A. M. Brand, solicitor-general,* contra.